184

JOHN RANDOLPH KELLON

*v.*

AMERICAN BAKERIES COMPANY d/b/a
TAYSTEE BAKERIES.

357 S.W.2d. 56.

(*Nashville,* December Term, 1961.)

Opinion filed May 4, 1962.

JAMES A. CRISLIP, Memphis, for petitioner.

CARROLL C. JOHNSON, WARING, WALKER, COX & LEWIS,
Memphis, for respondent.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a Workmen's Compensation case resulting in a dismissal of the cause by the Chancellor.

The question is whether or not the appellant, Kellon, has suffered any injury by accident arising out of and in the course of his employment and, if so, whether or not under the Workmen's Compensation Law of Tennessee any such injury is compensable.

It is necessary for us to review the proof to properly answer the question.

It appears that around Christmas, 1959, while the appellant was on a fourteen day tour of military service with the United States Navy, at the Great Lakes Naval Training Station, he suffered pain and inconvenience from his back as a result of shoveling snow; that while carrying his seaman's bag to the train he likewise suffered pain and inconvenience to his back. He returned to Memphis the early part of January, 1960, and went to see a doctor—Doctor Cooper, on January 12, 1960, and he advised the doctor that his back was paining him and

that the pain in his back resulted from him lifting a sanding machine.

Later in January, 1960, the appellant went to the Naval Hospital at Memphis, and was examined for these pains that he had been suffering, which the record there shows were of quite long standing.

It was determined among other things that one leg was a half inch shorter than the other, and that he was suffering from a congenital trouble in his back and that he should be given a medical discharge, which was given to him.

The record discloses that after being employed by some rubber manufacturing processing company, the appellant obtained employment with the American Bakeries Company; that on February 24, 1961, he sustained pain which he says resulted from his lifting or attempting to handle certain metal trays.

The record discloses that the appellant was working two or three days a week, and after a lapse of no more than seven days he returned to work, and he worked until the latter part of March, 1961, at which time he was discharged because of the quality of his work and for insubordination.

It appears that on April 4, 1961, appellant undertook to paint or varnish floors for his father, and that on February 24th, the date of the alleged injury at American Bakeries, the pain which he suffered was preceded by what the appellant termed as a "popping" of his back.

The evidence with respect to the April 4th injury is that without warning or without any back popping, that he was just seized with great pain as a result of which

he went to see his attorney, who referred him to Doctor Collins, who met the appellant at the St. Joseph Hospital, where he remained for some time.

The proof further shows that appellant suffered several congenital defects in his back, one of which causes a slipping of the vertebrae or slipping of the bony structure of the back which can and does cause pain.

The burden is upon the appellant to establish by a preponderance of the evidence that he suffered an accidental injury arising out of and in the course of his employment.

This Court finds, as did the Court below, that appellant is suffering from a congenital trouble which is aggravated by movement or action, which is ordinarily incident to the normal activities of a normal man.

The above being our findings, it results that the decree of the Chancellor must be affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.